ON PETITION FOR REHEARING GRANTED
OWEN, Judge.
While this court still had under consideration appellee’s timely petition for rehearing addressed to our opinion filed February 12, 1969, the Supreme Court of Florida filed its opinion in Crane Co. v. Fine, Fla.1969, 221 So.2d 145. We granted the petition for rehearing for the purpose of considering the effect, if any, which the Supreme Court’s decision in Crane Co. v. Fine, supra, had upon our decision and opinion filed February 12, 1969.
In Crane Co. v. Fine, supra, the Supreme Court held that while a notice to the owner given in compliance with the time limitations provided in Section 84.061(2) (a), F.S.1965 [renumbered as Section 713.06(2) (a), F.S.1967, F.S.A.], placed the lienor in a “priority” category, nonetheless a notice to owner given after the expiration of the 45-day period [subject to certain other time limitations not relevant here] could be the basis for perfecting a valid lien. While a lienor who gave such delayed notice might, under certain circumstances, be unable to enforce his lien to the same extent as he might have done had he given notice so as to be in the “priority” category, the fact remains that the court’s opinion expressly recognized that the failure to give the notice to owner within 45 days from the first delivery of materials did not, in and of itself, absolutely bar the lienor from perfecting a lien under Chapter 84, F.S.1965, F.S.A.
Appellant’s sole point on appeal was that its motion for summary judgment should have been granted because the failure of Westinghouse to serve the notice to owner within 45 days from the first delivery of materials absolutely barred Westinghouse from perfecting a lien under Chapter 84, F.S.1965. On the basis of the statutory and case authority cited 'in the original opinion, we had been of the view that appellant’s position was well founded. In the light of Crane Co. v. Fine, supra, it was not, and the trial court was eminently correct in denying the defendant owner’s motion for summary judgment.
This was the only error argued on the appeal, appellant not having argued in its brief the question of whether the sum allowed ap-pellee in the summary final judgment in its favor was shown to be within the sum remaining due from the owner to the contractor after the payment in full of the “priority” lienors.
The appellant having failed to demonstrate error, the summary judgment in favor of appellee should be affirmed. We therefore recede from our decision and opinion of reversal filed February 12, 1969, and by this modified opinion it is now the decision of this court on rehearing granted (hat the summary judgment in favor of appellee be and the same is hereby affirmed.
Affirmed.
CROSS and REED, JJ., concur.